IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WELLS WALTER MOORE,                          Case No. 04-1885-AA

       Petitioner,                       OPINION AND ORDER

  v.

ROBERT LAMBERT, Superintendent,
Snake River Correctional
Institution,

       Respondent.
_____

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
    Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97310
    Attorneys for Respondent

1 - OPINION AND ORDER

AIKEN, Judge:

Petitioner, an inmate at Snake River Correctional Institution, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, petitioner asserts ten grounds for relief. Petitioner alleges that his due process rights were violated and he received ineffective assistance of counsel when he entered a guilty plea to the charge of Sodomy in the First Degree. Respondent argues that most of petitioner's claims were not fairly presented to the Oregon Supreme Court and are now procedurally defaulted, and that petitioner's remaining grounds for relief lack merit and should be denied. For the reasons stated below, the petition is denied.

## I. BACKGROUND

In 2000, petitioner was indicted by a grand jury and charged with one count of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. The charges stemmed from sexual acts petitioner performed on his stepson, a 39-year-old man with Down syndrome who was incapable of consenting to petitioner's acts.

Pursuant to plea negotiations, petitioner pleaded no contest to first-degree sodomy and the State dropped the two counts of sexual abuse. Petitioner was sentenced to 100 months of imprisonment, the minimum sentence allowed under Oregon's Ballot Measure 11 sentencing scheme. See Or. Rev. Stat. § 137.700 et seq.

2 - OPINION AND ORDER

On November 19, 2001, petitioner filed a petition for post-conviction relief (PCR) in state court, alleging that he received ineffective assistance from trial counsel. Ex. 106. Petitioner's primary claims were that trial counsel failed to fully advise him of the consequences of his guilty plea, and that trial counsel failed to properly investigate his claim that an allergic reaction to a dentist's numbing agent caused his illegal behavior. After reviewing the sentencing transcript, the affidavit of petitioner's trial counsel, petitioner's deposition, and other evidence, the PCR court denied the petition for post conviction relief. Ex. 115.

Petitioner appealed the PCR court's decision to the Oregon Court of Appeals. In his appeal, petitioner continued to argue that trial counsel rendered ineffective assistance of counsel by failing to advise him of the full consequences of his guilty plea and by failing to investigate his allergic-reaction claim. Ex. 116. The Court of Appeals affirmed the denial of petitioner's PCR petition, and the Oregon Supreme Court denied petitioner's request for review. Exs. 123, 120; Moore v. Lampert, 192 Or. App. 673, 89 P.3d 688 (2004), rev. den., 337 Or. 182, 94 P.3d 877 (2004) and 337 Or. 555, 101 P.3d. 809 (2004).

On December 21, 2004, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts violations of his Fifth, Sixth, and Fourteenth Amendment rights, all related to ineffective assistance of counsel.

3 - OPINION AND ORDER

III. STANDARD

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Further, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has clarified the standard of review under § 2254(d). Under the "contrary to" clause:

> A state-court decision is 'contrary to' our clearly established precedents if the state court applies a rule that contradicts the governing law set forth in our cases' or the state court 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'

Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). As for the "unreasonable application of" clause, the Court in Andrade reiterated that:

> [u]nder the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

4 - OPINION AND ORDER

Andrade, 538 U.S. at 75 (citing Williams, 529 U.S. at 409-13). A state court's avoidance of the pitfalls contained in the "contrary to" and "unreasonable application of" clauses, "does not require citation of our cases--indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (emphasis in the original).

Strickland v. Washington, 466 U.S. 668 (1984), sets forth the clearly established federal law pertaining to ineffective assistance of counsel claims for the purposes of a habeas petition. See Williams, 529 U.S. at 391. Under Strickland, petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687. In assessing deficiency of performance, the court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." Id. at 690. Additionally, the Supreme Court emphasized the wide latitude given defense counsel's choices:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

5 - OPINION AND ORDER

>reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

In the specific context of plea proceedings, petitioner must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, petitioner would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Further, when evaluating prejudice to the petitioner, a court may consider whether petitioner had any viable defenses had he gone to trial. Id. Entry of a plea of guilty must be voluntary, knowing, and intelligent and "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Furthermore, counsel must advocate for an offer on petitioner's behalf and must accurately communicate the plea offer to the petitioner. Nunes v. Mueller, 350 F.3d 1045, 1053 (9th Cir. 2003).

## II. DISCUSSION

In this habeas corpus proceeding, petitioner maintains that his guilty plea was a result of ineffective trial counsel. Specifically, petitioner asserts ten grounds for relief. Respondent argues that Grounds Two, Three, Four, Nine, and Ten are procedurally defaulted, because these claims were not fairly presented to Oregon's Supreme Court as required by the doctrine of

exhaustion. Petitioner does not dispute respondent's argument. Further, petitioner presents arguments supporting only Ground One of the three remaining grounds petitioner did exhaust in state court. Therefore, I deem these grounds waived and deny petitioner relief on Grounds Two through Ten, and address only Ground One of petitioner's habeas corpus petition.

Petitioner alleges he was denied effective assistance of counsel when his trial counsel failed to instruct petitioner that a recent ruling by the Unites States Supreme Court rendered it more difficult for the State to obtain a "dangerous offender" enhancement if petitioner did not enter into the plea agreement. This argument fails.

It is undisputed that the prosecutor in this case discussed with trial counsel the possibility that the State would seek an enhanced sentence if petitioner went to trial. If the prosecutor proved petitioner was a "dangerous offender," petitioner would have potentially received a term of imprisonment of up to thirty years. See Or. Rev. Stat. § 161.725. This potential sentence was greater than the maximum twenty-year sentence petitioner faced for the Sodomy charge alone. See Or. Rev. Stat. § 161.605.

Fifteen days prior to petitioner's sentencing, the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi requires any fact resulting in enhanced sentencing beyond the statutory maximum for a particular crime to

7 - OPINION AND ORDER

be determined by a jury rather than a judge. Id. at 490 ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The Oregon Court of Appeals has since applied Apprendi to Oregon's dangerous offender statute. See State v. Warren, 195 Or. App. 656, 98 P.3d 1129 (2004).

Petitioner argues that because his indictment did not allege the elements necessary to convict him as a dangerous offender, his trial counsel erred by telling him that he could be subject to a thirty-year enhanced sentence. Petitioner further asserts that he was prejudiced, because had he known this information, he would have insisted on going to trial instead of taking the plea deal. Respondent maintains that trial counsel's performance was not deficient because the prosecutor could simply re-indict petitioner with allegations sufficient to sustain a dangerous offender sentence. Respondent also argues petitioner was not prejudiced because he had no viable defenses for the crimes he committed. I agree.

Petitioner's argument relating to ineffective counsel relies solely on his allegation that trial counsel did not specifically discuss the impact of Apprendi on petitioner's case; that is, that the prosecutor would have to re-indict petitioner to gain the enhanced sentence. The fact remains, however, that petitioner could have been subject to an enhanced sentence if he did not

8 - OPINION AND ORDER

accept the plea agreement, just as his counsel informed him. While Apprendi might have made it more difficult to obtain such an enhancement, it did not negate the possibility that the State would pursue it. Therefore, the record does not support the conclusion that trial counsel's performance was outside the range of competency demanded of criminal defense attorneys.

Next, even if trial counsel's performance was deficient, petitioner has not shown that he would have insisted on going to trial if he knew the implications of the Apprendi decision. Petitioner relies on his deposition for the PCR hearing as proof that he would have insisted on going to trial. However, his statement in that deposition that "I'd have gone to trial for it," was in response to four issues he claimed trial counsel did not share with him, only one of which was his lack of understanding of Apprendi. Ex. 114 at 11. Indeed, petitioner's biggest concern was the alleged allergic reaction he had to the numbing agent he received during a dental procedure. Id. at 11-14. Furthermore, the PCR court made a specific finding that petitioner was not a credible witness. Petitioner points to no other credible evidence, in the record or elsewhere, to support his claim that a better understanding of Apprendi alone would have caused him to choose trial instead of the plea deal.

Finally, I agree with respondent that petitioner was not prejudiced by trial counsel's actions, because he had no viable

9 - OPINION AND ORDER

defenses to support him at trial. Petitioner admitted that he sodomized his stepson, but claims that an allergic reaction to medication caused him to "black out" and not be aware of his actions. In addition to the PCR court's finding that petitioner was not a credible witness, it also found "petitioner's claim that he 'blacked out' due to an allergic reaction to a dental numbing agent from the day before is ludicrous and not worthy of investigation." Ex. 115. Under 28 U.S.C. § 2254(e)(1), I must presume these findings to be correct. Petitioner offers no evidence or argument to overcome that presumption, and he therefore fails to show prejudice.

## CONCLUSION

For the reasons set forth above, petitioner's Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (doc. 1) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 6 day of November, 2006.

_____
Ann Aiken
United States District Judge